Curia, per Earle, J.
The declaration of M’Daniel, one of the makers of the note, and whose signature was the first of them, was offered in evidence on the trial — he being then dead — to prove that he was the principal in the note, and that the other persons who joined in it were his co-sureties. To decide whether it was competent and admissible, it will only be necessary to inquire, within what description of evidence it is to be classed ? The argument of counsel for the motion, seemed to place the competency upon the ground, that M’Daniel was not interested in the controversy between his securities, and that his declaration went to charge himself with the whole debt; therefore, if alive, he might have been examined as a witness. This view of the question presents it as one of hearsay evidence, in the broadest meaning. The well-settled rule, as old as the common law courts of justice, excluded • such evidence — except in particular cases — for very obvious reasons. Such declarations are without the sanction of an oath, and, without cross-examination, the bare assertion of a particular fact; a narrative of something that has occurred, and not entitled to the respect or credit of a court of justice, as evidence. They do not come within any of the exceptions, which permit hearsay to go to the jury, as pedigree, prescription, custom, or boundary. Nor do they come within another class of cases, where such evidence is introduced, not as proof of a distinct fact, but as being, in itself, part of the transaction in question ; such as the declarations of an occupant of land, on taking possession, of the nature of his title or of his tenancy; or, the declarations of a trader, on a question of bankruptcy, as to his motive for leaving home; and many other cases that might be put, of frequent occurrence, to illustrate this familiar exception to' the general rule of hearsay evidence. Here, there is a mere naked offer to prove that M’Daniel said he was the principal in the note. His being dead does not vary the case; and, it is a conclusive answer to the proposition, that, if alive, he might have been examined as a witness. What a deceased witness has sworn on a former trial, between the same parties, on the same issue, is frequently admitted. But, I doubt if a case can be found, where such an attempt as this is reported to have been seriously made, unless in Gamons *29 v. Barnard, 1 Anst., 298, where evidence of the declarations of a deceased tenant, of an act done by himself, was offered, in a suit concerning tithes, and rejected. Ch. Baron M’Donald, remarking on the cases cited, said, “ the present attempt goes to establish that the declarations of a dead man are, in all cases, to be received.”
Perry, for the motion.
The Circuit Court did not err.in rejecting the evidence, and the motion for a new trial is refused.
Gantt, Richardson, O’Neall, Evans and Butler, Justices, concurred.